UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY )<br>      COMMISSION, )<br>)<br>10 S. Howard Street, 3rd Floor )<br>Baltimore, Maryland 21201, )<br>)<br>      Plaintiff, )<br>)    Civil Action No.<br>      v. )<br>)<br>SHREE LALAJI LLC t/a )<br>BEST WESTERN SALISBURY PLAZA )<br>)<br>1735 North Salisbury Boulevard )<br>Salisbury, Maryland  21801, )<br>)<br>      Defendant. )<br>)<br>_____) | |

## COMPLAINT AND JURY DEMAND

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (Black) and to provide appropriate relief to Gerald Savage ("Mr. Savage") and other African-American employees of Defendant Employer, Shree Lalaji LLC t/a Best Western Salisbury Plaza ("Best Western"), all of whom were adversely affected by such practices. The Commission alleges that from August, 2005 until December, 2005, Mr. Savage was subjected to unwelcome racially hostile remarks and conduct by Defendant's General Manager.  The racially hostile remarks and conduct were sufficiently severe and pervasive to alter the conditions of Mr. Savage's

employment and to create an abusive working environment so intolerable that Mr. Savage and other black employees were constructively discharged.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The unlawful employment practices alleged herein were committed within the judicial district of this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Shree Lalaji LLC t/a Best Western Salisbury Plaza ("Defendant Employer"), has continuously been a corporation organized under the laws of the State of Maryland doing business within the State of Maryland, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of the Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Gerald Savage filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964 by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August, 2005, Defendant Employer has engaged in unlawful employment practices at its Salisbury, Maryland facility, in violation of Section 703(a) of Title VII. These practices include Defendant Employer's General Manger using racial epithets, making racially derogatory statements, treating black employees less favorably than white employees, refusing service to or overcharging black guests and reducing Mr. Savage's hours when he complained about the above listed actions. The racial harassment and reduced working hours resulted in Mr. Savage being subjected to a hostile working environment, and working conditions so intolerable that he was constructively discharged from his position as a Front Desk Clerk.

8. The effect of the practices complained of above has been to deprive Mr. Savage and a class of black employees of equal employment opportunities and otherwise adversely affect their status as employees because of race.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Savage and a class of black employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from harassing, adversely affecting the terms and conditions of employment and constructively discharging individuals based on race and any other employment practice which discriminates on the basis of race in violation of Title VII of the Civil Rights Act of 1964.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all its employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Mr. Savage and the class of black employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement to their positions, or front pay in lieu thereof, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Mr. Savage and a class of black employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to damages in the form of expenses for job searches and expenses incurred due to the loss of heath coverage, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Mr. Savage and a class of black employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

F.    Order Defendant Employer to pay Mr. Savage and a class of black employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.    Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission hereby requests a jury trial on all questions of fact raised by its Complaint.

                                              Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____/S/_____
JACQUELINE H. McNAIR
Regional Attorney

_____/S/_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney (Bar No. 04312)

_____/S/_____
ERICA D. WHITE-DUNSTON
Trial Attorney (Bar No. 28125)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
(410) 962-3852 (phone)
(410) 962-4270 (fax)